UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Thomas Darby, | ) C/A No. 5:07-1783-CMC-BM |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| Orangeburg County, S.C. (Property Tax Office); and | ) |
| City of Orangeburg, S.C. | ) **Report and Recommendation** |
| | ) |
| Defendants. | ) |

Plaintiff, Thomas Darby (hereafter, the "Plaintiff"), has brought this action *pro se* against the Defendants, Orangeburg County, S.C. (Property Tax Office) and City of Orangeburg, S.C. Under established local procedure in this judicial district, a careful review has been made of the *pro se* Complaint herein pursuant to the procedural provisions of 28 U.S.C. § 1915, and in light of the following precedents: *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Estelle v. Gamble*, 429 U.S. 97 (1976); *Haines v. Kerner*, 404 U.S. 519 (1972); and *Gordon v. Leeke*, 574 F.2d 1147 (4th Cir. 1978).

As the Plaintiff is a *pro se* litigant, his pleadings are accorded liberal construction. *Hughes v. Rowe,* 449 U.S. 5 (1980); *Loe v. Armistead,* 582 F. 2d 1291 (4th Cir. 1978). Even under this less stringent standard, however, this *pro se* Complaint is still subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F. 2d 387 (4th Cir. 1990).

Background

Plaintiff alleges that the County of Orangeburg, without notice, denied Plaintiff a "residential exemption" for the 2005 tax year on his residence at 388 Fair Street, Orangeburg, S.C. Plaintiff apparently did not pay the disputed taxes and his home was "auctioned off". Plaintiff states the instant



Complaint involves the same facts as Civil Action No. 5:06-0432-CMC-BM,. in which Plaintiff claimed the County of Orangeburg increased his property taxes "from less than $300 to $1500" due to his being unable to prove residency in the County.

In the present Complaint, Plaintiff also discusses a prior attempt by Orangeburg County to condemn his property after he applied for a business license and Orangeburg County's alleged refusal to allow Plaintiff "to operate what I believe to be a profitable business since the year 1998". These additional claims appear related to Civil Action No. 5:01-4184-CMC-BM, in which Plaintiff alleged he had been wrongfully denied a business license by the City of Orangeburg, and improperly charged with violating city codes regarding the residence at 388 Fair Street. In the instant Complaint, Plaintiff seeks reversal of the sale of his property, reinstatement of the "residential exemption", review of the County's formula for assessing taxes, and monetary damages.

<u>Discussion</u>

As stated above, Plaintiff has previously brought a due process claim against the City of Orangeburg for wrongfully denying Plaintiff a business license. That case also concerned the City's attempts to enforce ordinances, governing maintenance of damaged buildings, in relation to property Plaintiff owned at 388 Fair Street in Orangeburg, S.C. Plaintiff's claims were found to lack merit and that case was dismissed with prejudice. *See Darby v. City of Orangeburg, et al.,* 5:01-4148-CMC-BM (D.S.C. 2001), *aff'd* 86 Fed. Appx. 599 (4th Cir. 2004).

Plaintiff has also previously sued the County of Orangeburg alleging that his property taxes were significantly increased due to Plaintiff's inability to produce a South Carolina driver's license. An Order was issued in that case, adopting a Report and Recommendation which found no basis for subject matter jurisdiction and that Plaintiff's claims (pertaining to interference with a business license)



2

were barred by the doctrine of collateral estoppel. That action was dismissed without prejudice prior to service of process. *See Darby v. County of Orangeburg,* 5:06-0432-CMC-BM (D.S.C. 2006).

This court can take judicial notice of Civil Action No. 5:01-4184-CMC-BM and Civil Action No. 5:06-0432-CMC-BM. *See United States v. Parker*, 956 F.2d 169, 171 (8th Cir. 1992)(the district court had the right to take judicial notice of a prior related proceeding). *See also Fletcher v. Bryan*, 175 F.2d 716 (4th Cir. 1949). As noted, Plaintiff's present Complaint covers the same issues as his former cases. Thus, to the extent Plaintiff is attempting to renew his former claims, the Complaint *sub judice* is subject to summary dismissal. *See Aloe Creme Laboratories, Inc. v. Francine Co.*, 425 F.2d 1295, 1296 (5th Cir. 1970)("The District Court clearly had the right to take notice of its own files and records and it had no duty to grind the same corn a second time.").

The only new allegation involves the apparent tax sale of Plaintiff's residence, at 388 Fair Street, for non-payment of property taxes. Plaintiff has failed, however, to allege facts essential to show jurisdiction in his pleadings. *See Dracos v. Hellenic Lines, Ltd.*, 762 F. 2d 348, 350 (4th Cir. 1985) ("plaintiffs must affirmatively plead the jurisdiction of the court"). In order for this Court to hear and decide a case, the Court must, first, have jurisdiction over the subject matter of the litigation. Federal courts are courts of limited jurisdiction, "constrained to exercise only the authority conferred by Article III of the Constitution and affirmatively granted by federal statute." *In re Bulldog Trucking, Inc.*, 147 F.3d 347, 352 (4th Cir. 1998).

Because federal courts have limited subject matter jurisdiction, there is no presumption that the court has jurisdiction. *Pinkley, Inc. v. City of Frederick, MD.*, 191 F.3d 394, 399 (4th Cir. 1999). Accordingly, a federal court is required, *sua sponte*, to determine if a valid basis for its jurisdiction exists, "and to dismiss the action if no such ground appears." *Bulldog Trucking*, 147 F.3d at 352; *see also* F. R. Civ. P. 12(h)(3) ("Whenever it appears . . . that the court lacks jurisdiction of the subject

3



matter, the court shall dismiss the action.").  The two most commonly recognized and utilized bases for federal court jurisdiction are (1) "federal question," 28 U.S.C. § 1331, and (2) "diversity of citizenship." 28 U.S.C. § 1332.   The allegations contained in the Plaintiff's Complaint do not fall within the scope of either form of this Court's limited jurisdiction.

First, there is clearly no basis for a finding of diversity jurisdiction over this Complaint.  The diversity statute, 28 U.S.C. § 1332(a), requires ***complete*** diversity of parties and an amount in controversy in excess of seventy-five thousand dollars ($75,000.00).  Complete diversity of parties in a case means that no party on one side may be a citizen of the same state as any party on the other side. *See Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 372-74 & nn. 13-16 (1978).  The Court has no diversity jurisdiction over this case because, according to the Plaintiff's allegations, he is a resident of South Carolina and both Defendants are political subdivisions of South Carolina.  In the absence of diversity of citizenship, the amount in controversy is irrelevant.

Second, Plaintiff's Complaint  contains no allegations of any specific violation of a federal statute or Constitutional provision by the Defendants.  The essential allegations of the Complaint, that the County of Orangeburg denied Plaintiff a tax exemption and sold his property for non-payment of taxes, are insufficient to show that the case is one "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.  That is, the Complaint does not state a claim cognizable under this Court's "federal question" jurisdiction.

<u>Recommendation</u>

As Plaintiff has not presented this Court with a basis for subject matter jurisdiction, and is apparently attempting to renew issues previously litigated in this Court, his Complaint should be dismissed.  Accordingly, it is recommended that the Court dismiss the complaint in the above-captioned

4



case *without prejudice* and without issuance and service of process. *See United Mine Workers v. Gibbs*, 383 U.S. 715 (1966); *see also Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972).

     Plaintiff's attention is directed to the important notice on the next page.

Respectfully submitted,

Bristow Marchant
United States Magistrate Judge

July 11, 2007
Columbia, South Carolina

5



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail.  Fed. R. Civ. P. 6(a) & (e).  Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).

