IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | |
|---|---|
| Thomas Darby, ) | C/A NO. 5:07-1783-CMC-BM |
| ) | |
| Plaintiff, ) | |
| ) | **OPINION and ORDER** |
| v. ) | |
| ) | |
| Orangeburg County, S.C. (Property Tax ) | |
| Office); and City of Orangeburg, S.C., ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

This matter is before the court on Plaintiff's *pro se* complaint. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(e), DSC, this matter was referred to United States Magistrate Judge Bristow Marchant for pre-trial proceedings and a Report and Recommendation. On July 11, 2007, the Magistrate Judge issued a Report recommending that the case be dismissed for lack of subject matter jurisdiction. The Magistrate Judge advised Plaintiff of the procedures and requirements for filing objections to the Report and Recommendation and the serious consequences if he failed to do so. Plaintiff filed objections to the Report on July 16, 2007.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of any portion of the Report and Recommendation of the Magistrate Judge to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b).

After reviewing the record of this matter, the applicable law, the Report and Recommendation of the Magistrate Judge, and the objections of the Plaintiff, the court agrees with the conclusions of the Magistrate Judge. Accordingly, the court adopts and incorporates the Report and Recommendation by reference in this Order.

It is only after the Magistrate Judge recommended to this court that the complaint be dismissed for lack of subject matter jurisdiction that Plaintiff contends in his objections that Defendants' alleged actions were based upon "racial discrimination." Obj. at 1 (Dkt. # 14, filed July 16, 2007). While this court must construe *pro se* complaints liberally, to hold that Darby's complaint seeks a judicial determination of the Defendants' alleged racial discrimination "would not be liberal interpretation, but complete rewriting." *Laber v. Harvey*, 438 F.3d 404, 413 n.3 (4th Cir. 2006).

"Federal Rule of Civil Procedure 8(a)(2) requires only a 'short and plain statement of the claim showing that the pleader is entitled to relief.' Specific facts are not necessary; the statement need only give the defendant fair notice of what the claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. ___, 127 S. Ct. 2197, 2200 (2007) (internal citations and quotations omitted). The only possible federal claims which could conceivably be ascertained from this complaint would be an alleged constitutional violation of due process or a takings claim. However, nothing in Plaintiff's complaint puts Defendants on notice that he intends to pursue either of these alleged constitutional violations, and for the court to read these allegations into the complaint is, at best, a stretch. "[N]otice pleading requires generosity in interpreting a plaintiff's complaint. But generosity is not fantasy." *Bender v. Suburban Hosp. Inc.*, 159 F.3d 186, 192 (4th Cir. 1998).

Plaintiff's complaint is dismissed without prejudice and without service of process.

**IT IS SO ORDERED.**

s/ Cameron McGowan Currie
CAMERON McGOWAN CURRIE
UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
July 24, 2007

C:\Documents and Settings\Glp59\Local Settings\Temp\notesE1EF34\07-1783 Darby v. Orangeburg County e adopt rr dism no jurisdiction.wpd